J-S25044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| PETER ALLEN TREADWAY | : | |
| | : | |
| Appellant | : | No. 3163 EDA 2023 |

Appeal from the Order Entered September 26, 2023
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0001794-2010

BEFORE:  DUBOW, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY BECK, J.:                    **FILED OCTOBER 16, 2024**

Peter Allen Treadway ("Treadway") appeals pro se from the order entered by the Chester County Court of Common Pleas ("trial court") denying his petition for habeas corpus.  Because we find Treadway's brief significantly fails to conform to the Pennsylvania Rules of Appellate Procedure, we quash this appeal.

A prior panel of this Court briefly summarized factual history of this case:

> Treadway sexually abused his stepdaughter.  This depravity continued for years.  The victim testified that the abuse began when she was nine or ten years old[,] and that Treadway first had sexual intercourse with her when she turned eleven.  By the time the victim was thirteen or fourteen years old, Treadway had sex with her "every day or multiple times a day."  Eventually the victim became pregnant.  The victim, with Treadway's assistance, obtained an abortion in a hospital.

After a four-day trial, [a] jury convicted Treadway of a multitude of sexual offenses and counts. The trial court sentenced Treadway to an aggregate term of imprisonment of 100 to 200 years.

*Commonwealth v. Treadway*, 2342 EDA 2011, 2013 WL 11284346, at *1 (Pa. Super. Jan. 15, 2013) (non-precedential decision) (record citation omitted).

The trial court summarized the intervening procedural history as follows:

[Treadway] challenged his sentence as illegal on direct appeal. The Superior Court agreed, finding that [Treadway] was sentenced under a statute that was implemented well after the convicted criminal conduct and which increased the punishment imposed by law in effect at the time the crime was committed. *See* [*id.* at *3]. Therefore, the Superior Court vacated [Treadway]'s judgment of sentence and remanded for resentencing on January 15, 2013.

After remand, the sentencing court imposed an aggregate sentence of 100 to 200 years of imprisonment by sentencing [Treadway] to consecutive statutory maximum sentences. [Treadway] again appealed but was unsuccessful as the Superior Court affirmed the trial court's judgment of sentence on November 13, 2014. [Treadway] did not seek further review from the Pennsylvania Supreme Court.

[Treadway] filed his first PCRA petition on December 29, 2014. The PCRA court dismissed the petition on April 4, 2016. On April 20, 2016, [Treadway] again appealed to the Superior Court. The Superior Court affirmed the dismissal of the PCRA petition on July 3, 2017. [Treadway] filed his second PCRA petition (dated March 26, 2019) on April 16, 2019. The second PCRA [p]etition was dismissed by order dated May 28, 2019. [Treadway] appealed yet again to the Superior Court. The appeal was dismissed based on [Treadway]'s failure to file a brief. [Treadway] filed a third PCRA petition on August 3, 2020. The PCRA court denied the third PCRA [p]etition on September 9, 2020.

On August 23, 2023, the Clerk of Courts received [Treadway]'s petition for habeas corpus as well as a petition to proceed in forma pauperis. The trial court granted [Treadway]'s IFP petition on September 13, 2023. On September 26, 2023, the trial court denied [Treadway]'s [p]etition for [h]abeas [c]orpus. This appeal then followed.

Trial Court Opinion, 12/20/2023, at 1-2 (unnecessary capitalization omitted).

Prior to attempting to discern the merits of Treadway's appeal, we address the Commonwealth's request in its brief for this Court to quash this appeal based on the litany of defects in Treadway's brief. *See* Commonwealth's Brief at 5-10.

Pennsylvania Rule of Appellate Procedure 2101 provides:

Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101. Thus, "[t]his Court possesses discretionary authority to quash, dismiss, or deny allowance of appeal based upon the substantial defects of [an] appellant's brief." *Commonwealth v. Maris*, 629 A.2d 1014, 1017 (Pa. Super. 1993) (citing Pa.R.A.P. 2101). While we will "liberally construe materials filed by a pro se appellant," we may not give a pro se litigant special treatment simply because he "lacks legal training." *Id.* "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." *Commonwealth v. Adams*, 882 A.2d 496, 498

- 3 -

(Pa. Super. 2005). "This Court will not act as counsel and will not develop arguments on behalf of an appellant." ***Commonwealth v. Kane***, 10 A.3d 327, 331 (Pa. Super. 2010) (citation omitted).

Our Rules of Appellate Procedure require that an appellant's brief contain the following information, "separately and distinctly entitled and in the following order":

(1) Statement of jurisdiction.

(2) Order or other determination in question.

(3) Statement of both the scope of review and the standard of review.

(4) Statement of the questions involved.

(5) Statement of the case.

(6) Summary of argument.

(7) Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.

(8) Argument for appellant.

(9) A short conclusion stating the precise relief sought.

Pa.R.A.P. 2111(a).

Treadway's brief fails to even remotely conform to our rules, containing none of the foregoing sections. Additionally, Treadway has failed to include a statement of jurisdiction pursuant to Pa.R.A.P. 2114; the statement of the case—including the factual and procedural histories of the case—pursuant to

Pa.R.A.P. 2117; and a statement of the questions involved pursuant to Pa.R.A.P. 2116.

More importantly, Treadway's brief includes no discussion of trial-court error. Treadway fails to offer any legal questions to be answered on appeal; instead, he sets forth nearly incomprehensible bald allegations of bias and misconduct on the part of the trial court and the Commonwealth, without any citation to legal authority in violation of Pa.R.A.P. 2119. Indeed, the nature of Treadway's brief makes it impossible for this Court to discern the legal issues he intends to raise on appeal, if any, rendering impossible our performance of meaningful appellate review.

Because the defects in Treadway's brief are numerous and substantial, and preclude us from conducting meaningful appellate review, we are constrained to quash this appeal. *See Commonwealth v. Freeland*, 106 A.3d 768, 776-77 (Pa. Super. 2014) ("This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.") (citation omitted).

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/16/2024